UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS, JR., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL PREA REPORTING OFFICE, <br><br> Defendant. | CASE NO. 2:21-cv-01221-RAJ-JRC <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR:  October 1, 2021 |

Plaintiff John Demos is a Washington prisoner who is well-known locally and nationally as an abusive litigant.  He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court.  *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993).

The Court observes that although this case was opened as a federal habeas petition under 28 U.S.C. § 2241, it does not raise claims within the scope of § 2241.  Rather, plaintiff has filed a "motion for a qui tam action" (emphasis omitted) in which he seeks to bring an action against federal government employees under the False Claims Act. Dkt. 1, at 1–2.  Even construing this

REPORT AND RECOMMENDATION - 1

1  "motion" as a complaint, plaintiff has not paid the filing fee for this action, nor has he applied to
2  proceed with this action *in forma pauperis* ("IFP").

3  Because plaintiff has not paid the filing fee for this action or applied to proceed IFP, this
4  proposed action is not properly before the Court.

5  Even if plaintiff had applied to proceed IFP, plaintiff is permitted to submit only three
6  IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-
7  CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert*
8  *Demos* (W.D. Wash. Dec. 15, 1982). Plaintiff has already reached this annual limit. *See, e.g.*,
9  *Demos v. Pence, et al.*, No. C21-109-BHS (W.D. Wash.); *Demos v. Dominion Voting Systems, et*
10 *al.*, No. C21-110-RAJ (W.D. Wash.); *Demos v. Holbrook, et al.*, No. C21-217-RJB (W.D.
11 Wash.). Therefore, even if plaintiff submitted an IFP application, this matter would be subject to
12 dismissal.

13 Moreover, if plaintiff paid the $405 filing fee for this civil action, his "complaint" would
14 still be subject to dismissal. Pursuant to 28 U.S.C. § 1915A, the Court is required to review
15 prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a
16 government entity," and to dismiss those, or any portion of those, which are "frivolous,
17 malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief
18 from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)–(2); *Resnick v.*
19 *Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th
20 Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits
21 need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir.
22 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A
23 complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d
24

1221, 1228 (9th Cir. 1984).  In this case, a review of plaintiff's proposed complaint reveals, among other issues, that it is patently frivolous.  Plaintiff makes conclusory allegations of fraud and mismanagement at a "P.R.E.A. Reporting Office" (formatting omitted) but fails to provide any basis in fact to support his conclusions.

Based on the foregoing, this Court recommends that plaintiff's motion (interpreted as a complaint) (Dkt. 1) and this action be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on October 1, 2021, as noted in the caption.

Dated this 14th day of September, 2021.

J. Richard Creatura
Chief United States Magistrate Judge